

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-19-00367-CV

___

## IN THE INTEREST OF E.O., E.S., AND E.V., CHILDREN

___

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2016-522,633, Honorable Kelley Tesch, Associate Judge Presiding

___

November 20, 2019

## MEMORANDUM OPINION

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Mother[1] attempts to appeal the *Final Order in Suit Affecting the Parent-Child Relationship and Order of Termination.* Now pending before this Court is Mother's motion for an extension of time to file her notice of appeal. We deny the motion and dismiss the appeal for want of jurisdiction.

The Department of Family and Protective Services sued for conservatorship of Mother's children, E.O., E.S., and E.V., and to terminate Mother's parental rights. On April 11, 2018, the associate judge signed an order appointing the Department as sole

---

[1] To protect the children's privacy, we will refer to appellant as "Mother" and to the children by their initials. TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018); TEX. R. APP. P. 9.8(b).

permanent managing conservator of E.O. and terminating Mother's parental rights to E.S. and E.V.  No request for de novo hearing was filed.  Consequently, Mother's notice of appeal was due within twenty days after the order was signed, by May 1, 2018.  TEX. R. APP. P. 26.1(b), 28.4; TEX. FAM. CODE ANN. § 201.2041(a) (West 2014).  On October 23, 2019, Mother filed a notice of appeal and the pending motion for extension.

In her motion, Mother claims she did not timely file a notice of appeal because she "did not acquire actual knowledge of the judgment until the summer of 2019."  Mother alleges she asked her trial counsel to appeal if her parental rights were terminated.  She claims that her trial counsel received notice of the order on the day it was signed but did not file an appeal or notify her of the order.

We have no authority to grant Mother an almost eighteen-month extension to file her notice of appeal.  We may grant a fifteen-day extension when an appellant reasonably explains the need for an extension.  TEX. R. APP. P. 26.3, 10.5(b).  Further, an appellant may gain up to an additional ninety days to file a notice of appeal if the appellant did not timely receive notice or acquire actual knowledge of a judgment.  TEX. R. APP. P. 4.2. And, an appellant may file a notice of appeal within six months after a judgment is signed in a restricted appeal.  TEX. R. APP. P. 26.1(c), 30.  Nothing in the appellate rules, however, allows us to extend the notice deadline any further.

Having no authority to grant Mother's motion for extension, we deny the motion. Because Mother's late notice of appeal did not invoke this Court's jurisdiction, we dismiss her appeal for want of jurisdiction.  TEX. R. APP. P. 42.3(a).

Per Curiam